UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MEDICINE SHOPPE INTERNATIONAL, )
INC., )
 )
 Plaintiff, )
 )
 v. ) No. 4:09CV277 FRB
 )
ANICK, INC., et al., )
 )
 Defendants. )

**MEMORANDUM AND ORDER**

Presently pending before the Court is defendants Anick, Inc., and Laxmikant J. Modha's Motion for Partial Summary Judgment (Doc. #35). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c). Trial is presently set in this matter on October 4, 2010.

Franchisor Medicine Shoppe International, Inc. (MSI), brings this cause of action against franchisee Anick, Inc. (Anick), and an Anick shareholder, Laxmikant J. Modha (Modha), alleging breach of the terms of a License Agreement and related guaranty involving a Medicine Shoppe pharmacy (the Pharmacy) located in Chambersburg, Pennsylvania. This Court has subject matter jurisdiction over this diversity action pursuant to 28 U.S.C. § 1332(a).

In Count I of its three-count Complaint, plaintiff MSI alleges that defendant Anick breached the terms of the License

Agreement by failing to pay license fees to MSI as set out in the agreement, by failing to furnish MSI with certain information reflecting the financial condition of the Pharmacy, and by violating the terms of the non-compete provision of the agreement through the operation of competing businesses Chambersburg Medical Supply (CMS) and Chambersburg Surgical Supply (CSS).  In Count II, MSI alleges that defendant Modha breached the terms of a guaranty wherein he guaranteed Anick's compliance with the terms of the License Agreement, and agreed to cure any and all defaults under the License Agreement.  In Count III of the Complaint, MSI alleges that, during the course of performing their obligations as agreed to under the License Agreement, defendants Anick and Modha engaged in fraud by intentionally underreporting revenue figures for the Pharmacy and by concealing revenue figures for their related businesses, thereby reducing license fees which were due and owing to MSI.  Defendant Anick has filed a Counterclaim alleging that MSI breached the terms of the License Agreement by its failure to provide advertising despite Anick's payment of advertising fees to MSI.

Defendants Anick and Modha now move for partial summary judgment arguing that they are entitled to judgment as a matter of law as to certain of MSI's claims.  Specifically, defendant Modha argues that he is entitled to summary judgment on MSI's claim of breach of contract under Count I of the Complaint inasmuch as

defendant Anick, and not himself, is the Licensee under the agreement.  Defendant Modha also contends that he is entitled to summary judgment on Count II of the Complaint inasmuch as he is not bound by the "guaranty" pursuant to which he purportedly guaranteed Anick's obligations under the License Agreement, given the lack of explicit language indicating such a guaranty and indicating Modha's intent to be so personally bound.  Both defendants Anick and Modha argue that they are entitled to summary judgment on Count III of the Complaint inasmuch as MSI's assertion of fraud is merely a restatement of its breach of contract claims and therefore does not give rise to tort liability.  Finally, both defendants contend that MSI's breach of contract/non-compete claim relating to the operation of CMS fails inasmuch as plaintiff cannot establish its right to recover damages on such a claim.  Plaintiff has responded to the motion to which defendants have replied.

Pursuant to Fed. R. Civ. P. 56(c), a court may grant summary judgment if the information before the court shows that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  The burden of proof is on the moving party to set forth the basis of its motion, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), and the court must view all facts and inferences in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio,

475 U.S. 574, 587 (1986). Once the moving party shows there are no material issues of fact in dispute, the burden shifts to the adverse party to set forth facts showing there is a genuine issue for trial. <u>Id.</u> The non-moving party may not rest upon its pleadings, but must come forward with affidavits or other admissible evidence to rebut the motion. <u>Celotex</u>, 477 U.S. at 324.

## I. Background

As relevant to the instant Motion for Partial Summary Judgment, a review of the record and evidence before the Court shows the following:

On June 10, 1988, MSI and Anick, Inc., entered into a License Agreement under which Anick agreed to operate the Pharmacy for a term of twenty years. The License Agreement was executed by MSI, as indicated by the signature of its president; and by Anick, as indicated by the signature of its president, Laxmikant J. Modha. The License Agreement designates Anick as the "Licensee" under the agreement. Modha is not a Licensee under the agreement.

Immediately below the signatures of the corporate representatives of MSI and Anick, the following "Note" is stated:

> NOTE: IF LICENSEE IS A CORPORATION OR A PARTNERSHIP EACH OF THE STOCKHOLDERS OR PARTNERS THEREOF MUST EXECUTE THE FOLLOWING UNDERTAKING.
>
> The undersigned persons hereby represent to Grantor that they are all of the stockholders or partners of the above-named Licensee. In consideration of the grant by Grantor to Licensee as herein provided each of the undersigned hereby agree, jointly and severally, and for

>themselves, their heirs, legal representatives and
>assigns that they, and each of them, shall be firmly
>bound by all of the terms, provisions and conditions of
>the foregoing.[1]

After this Note, two individual signatures appear under a pre-printed heading "Shareholders or Partners of Licensee." One of the signatures is that of defendant Laxmikant J. Modha. Other than having been executed under the aforementioned pre-printed heading, Modha's signature does not indicate that it was made in any official or representative capacity of Anick.

Section VII of the License Agreement sets out the terms for non-competition as follows:

>During the term of this Agreement, except pursuant
>to this Agreement or with the written consent of Grantor,
>and for a period of two (2) years from the date of
>termination hereof, and within the License Area or within
>any other areas in which any MEDICINE SHOPPE or MEDICINE
>SHOPPE Franchise operate, Licensee and its shareholders
>and partners, if any, shall not engage in or become
>interested in the same or a substantially similar
>business as that covered by this Agreement, including but
>not by way of limitation, the operation of a prescription
>pharmacy or prescription pharmacy department, directly or
>indirectly, whether as an individual, partner,
>shareholder, director, officer, principal, agent,
>employee, advisor, consultant, trustee or in any relation
>or capacity whatsoever.

---

[1]Plaintiff purports that this "Note" constitutes the guaranty by which defendant Modha allegedly obligated himself, personally, to cure any defaults of Anick under the License Agreement. Inasmuch as the parties dispute whether the terms contained in this Note constitute a guaranty, the undersigned will hereinafter refer to this separate instrument as the "Note" as opposed to the "Guaranty."

At a time prior to Anick entering into the License Agreement with MSI, Modha purchased CSS. CSS was purchased by Modha as part of the same transaction in which he purchased Anick. CSS did not operate as a separate business entity while it was owned by Modha. Instead, it was a separate room in the same building in which the Pharmacy operated. Although CSS stored goods in this room, no goods were sold by CSS.

In 2001, Modha incorporated CMS, which was a separate legal entity from Anick. The storefront for CMS was located across the street from the Pharmacy. CMS sold durable medical equipment, such as wheelchairs, hospital beds, mastectomy supplies, etc. CMS did not sell prescription or over-the-counter drugs.

## II. Discussion

A. Count I – Breach of Contract

To establish a claim for breach of contract, the plaintiff must establish, *inter alia*, the existence of a contract between plaintiff and the defendant, and that the defendant breached that contract. U.S. Neurosurgical, Inc. v. Midwest Div.-RMC, LLC, 303 S.W.3d 660, 664 (Mo. Ct. App. 2010). Here, Count I of plaintiff's Complaint alleges various breaches of the License Agreement. The parties do not dispute, however, that Modha is not a party to the License Agreement. Anick, and not Modha, is the Licensee under the License Agreement. Because defendant Modha is not a party to the License Agreement, plaintiff cannot succeed on

a claim that Modha, himself, breached any obligation to MSI under the agreement.

To the extent plaintiff claims that Modha was a guarantor of the License Agreement and thus is liable for any alleged breach thereof, such argument is misplaced with respect to plaintiff's breach of contract claim. "Guarantees are *separate* contracts, collateral to and independent of any underlying agreement. A guarantor's liability arises primarily from the guarantee agreement itself." McFarland v. O'Gorman, 814 S.W.2d 692, 694 (Mo. Ct. App. 1991) (emphasis added); see also Thompson & Thompson v. Brown, 97 S.W. 242, 243 (Mo. Ct. App. 1906) ("The guarantor is not a joint obligor on the same contract, for his contract is separate and distinct from the undertaking of the maker."). "[T]he original contract of the principal is not the contract of the guarantor." Central Sav. Bank v. Shine, 48 Mo. 456 (Mo. 1871).

Accordingly, because defendant Modha is not a party to the License Agreement, Modha is entitled to summary judgment on Count I of the Complaint to the extent the claims therein can be read to allege that defendant Modha breached the License Agreement.

B.  Count II – Breach of Guaranty

A "guaranty" has been defined as a promise to answer for another person's debt, default or failure to perform. 38 Am. Jur. 2d, Guaranty, § 1 (2010). "A guaranty is a collateral agreement for another's undertaking, and is an independent contract which

imposes responsibilities different from those imposed in the agreement to which it is collateral." Savannah Place, Ltd. v. Heidelberg, 122 S.W.3d 74, 82 (Mo. Ct. App. 2003) (internal quotation marks and citation omitted). Because a guaranty is an undertaking by the guarantor to answer for another person's payment of a debt or performance of a contract in the event of that person's default, a guaranty is, by its very nature, a conditional promise. 38 Am. Jur., Guaranty, § 1 (2010). The guarantor promises to pay or perform only on the condition that the principal obligor to the primary agreement defaults on or fails to perform under that agreement. Id. As such, "[a] guarantor agrees to become secondarily liable for the obligation of the [principal promisor] *in the event* the [principal promisor] does not perform the primary obligation." Jamieson-Chippewa Inv. Co., Inc. v. McClintock, 996 S.W.2d 84, 87 (Mo. Ct. App. 1999) (emphasis added).

For an instrument to be enforceable as a guaranty, it must show the guarantor's intent to be liable on an obligation in case of default by the principal promisor. 38 Am. Jur. 2d, Guaranty, § 5 (2010). The guaranty agreement "must contain the express conditions of the guaranty, specifically stating, within the four corners of the document, the liability and obligations of each party." Linnenbrink v. First Nat'l Bank of Lee's Summit, Mo., 839 S.W.2d 618, 621 (Mo. Ct. App. 1992) (citing Standard Meat Co. v. Taco Kid of Springfield, Inc., 554 S.W.2d 592, 595 (Mo. Ct. App.

1977)); see also 38 Am. Jur. 2d, Guaranty, § 5 (2010) (citing Linnenbrink, 839 S.W.2d 618). An obligation that is a primary or unconditional promise is not a guaranty. 38 Am. Jur. 2d, Guaranty, § 3 (2010).

In this case, a review of the Note shows it to contain no words expressly indicating an obligation on the part of Modha to guarantee Anick's performance of the License Agreement or to cure any of Anick's defaults under the License Agreement. There is no language setting forth a *conditional* promise to pay or perform *in the event of* default by another, and specifically, Anick.

A guarantor is bound only by the precise words of his contract. "'[N]o stretching or extension of terms can be indulged in order to hold the guarantor liable.'" Linnenbrink, 839 S.W.2d at 621 (quoting U.S. Suzuki Motors Corp. v. Johnson, 673 S.W.2d 105, 107 (Mo. Ct. App. 1984)). A guarantor is "not obliged beyond the precise letter of his obligation; and nothing may be implied against him." Jamieson-Chippewa, 996 S.W.2d at 88. Upon examination of the precise words of the Note here, the Court finds that it does not meet the requirements to serve as a guaranty. See Jamieson-Chippewa, 996 S.W.2d at 88; Linnenbrink, 839 S.W.2d at 621. "It would require a great 'stretching or extension of terms' to find this agreement to constitute a guaranty, and Missouri law prohibits such an indulgence." Linnenbrink, 839 S.W.2d at 621 (quoting U.S. Suzuki-Motors, 673 S.W.2d at 107).

Because the Note fails to constitute a guaranty obliging Modha to secure Anick's performance or to cure Anick's defaults under the License Agreement, defendant Modha is entitled to summary judgment on plaintiff's claim raised in Count II of the Complaint that Modha's failure to cure Anick's alleged defaults amounted to a breach of a guaranty.[2]

C.   Count III - Fraud

In Count III, MSI claims that, pursuant to their obligations under the License Agreement, defendants Anick and Modha submitted reports to MSI reflecting the Pharmacy's net revenues. MSI alleges, however, that these reports underreported the monthly net revenue figures for the Pharmacy and failed to provide net

---

[2]Inasmuch as Modha is entitled to summary judgment on Count II on the basis of the Note's failure to constitute an enforceable guaranty, it is unnecessary to address at length Modha's other argument that the language of the Note and the form of his signature affixed thereto fail to demonstrate his intent to be *personally* bound by the Note's terms, as opposed to his intent to act in his official capacity to bind only Anick.  However, given the distinct difference in Modha's signature in relation to the Note, that is, as a shareholder, as opposed to his signing of the License Agreement as President of Anick; the separateness of Modha's signatures in relation to the separate agreements made; and the Note's use of the terms "themselves," "their heirs," "they," and "each of them" instead of traditional entity references such as "it" or "its" to represent the signatories to the Note, a review of Missouri law supports a finding that Modha did indeed agree to be personally bound by the Note's terms.  See Cardinal Health 110, Inc. v. Cyrus Pharm., LLC, 560 F.3d 894, 899-900 (8th Cir. 2009) (applying Missouri law); Wired Music, Inc., of the Great Midwest v. Great River Steamboat Co., 554 S.W.2d 466, 470-71 (Mo. Ct. App. 1977)).  As noted above, however, whether or not personally bound, the terms of the Note do not constitute a guaranty and Modha cannot therefore be found in breach of a guaranty as alleged in Count II.

revenue figures for CSS and CMS, demonstrating defendants' attempt to avoid paying all license fees due and owing to MSI.  MSI claims that by their conduct in intentionally submitting these inaccurate reports, defendants intended for MSI to rely on the net revenue figures reported therein and to accept the payment of license fees based on such figures.  MSI contends that such conduct constitutes fraud.  Defendants argue that the claim raised in Count III is merely a restatement of plaintiff's breach of contract claim and does not amount to a tort.  For the following reasons, defendants' argument is well taken.

To determine the character of an action, that is, whether the action sounds in contract or in tort, "it is necessary to ascertain the source of the duty claimed to be violated."  <u>State ex rel. William Ranni Assocs., Inc. v. Hartenbach</u>, 742 S.W.2d 134, 140 (Mo. banc 1987).  Where a duty alleged to have been breached stems from a contract, the breach does not amount to a tort.  <u>Id.</u>  "The failure to perform a contracted obligation . . . would not be an independent tort in the absence of a contract."  <u>Id.</u>

In Count III, MSI alleges that defendants failed to properly perform their obligations under the License Agreement by failing to include all net revenues in their reports to MSI.  The alleged failure to perform as claimed by MSI amounts to a failure to properly discharge the agreement, which is solely a breach of contract.  The fact that acts constituting the breach are alleged

as being fraudulently done does not change the situation. State ex rel. Cummins Mo. Diesel Sales Corp. v. Eversole, 332 S.W.2d 53, 58 (Mo. Ct. App. 1960). MSI's assertion of fraud "is an allegation only as to the manner of making the breach." Id.; see also Titan Constr. Co. v. Mark Twain Kansas City Bank, 887 S.W.2d 454, 458-59 (Mo. Ct. App. 1994) (plaintiff's allegation of fraud in the performance of a contract was "essentially a restatement of its breach of contract claim."). The mere breach of a promise or failure to perform does not create an action for fraud. Titan, 887 S.W.2d at 459; see also Wages v. Young, 261 S.W.3d 711, 715-16 (Mo. Ct. App. 2008).

MSI's assertion of fraud in Count III of the Complaint alleges that defendants failed to properly perform a contracted obligation arising from the License Agreement. Because the source of the duty alleged to have been breached is the License Agreement, Count III is merely a restatement of MSI's breach of contract claim. Accordingly, defendants are entitled to summary judgment on plaintiff's claim raised in Count III of the Complaint that defendants' failure to properly report net revenues from the Pharmacy constituted fraud.

D. Damages Relating to Operation of CMS

In Count I of the Complaint, plaintiff alleges, inter alia, that defendants breached the terms of the License Agreement by violating the terms of the non-compete provision of the

agreement through the operation of CMS, a competing business, and by failing to pay license fees for such business. In their Motion for Partial Summary Judgment, defendants contend that these specific claims relating to CMS fail inasmuch as plaintiff cannot establish its right to recover damages on such claims given that CMS was not a "substantially similar business" as contemplated by the License Agreement, and thus that it was not reasonably foreseeable that license fees would have to be paid to MSI for defendants' operation of this separate business.

Upon review of the defendants' motion and the materials and briefs submitted in support of each party's position, the undersigned finds there to be genuine issues of material fact in dispute between the parties, and specifically, whether and to what extent the nature of CMS's business brought CMS within the realm of a substantially similar business to a Medicine Shoppe pharmacy as contemplated by the terms of the License Agreement, and whether and to what extent MSI was damaged on account of defendants' operation thereof. Cf. Budget Rent-A-Car of Mo., Inc. v. B & G Rent-A-Car, Inc., 619 S.W.2d 832 (Mo. Ct. App. 1981) (discussing Missouri law and the measure of monetary damages for a breach of a noncompetition clause). On the information before the Court, and viewing all facts and inferences in the light most favorable to the non-moving party, Matsushita, 475 U.S. at 587, it cannot be said that defendants have established their right to judgment on this

claim with such clarity as to leave room for no controversy and that plaintiff is not entitled to prevail under any discernable circumstances. Vette Co. v. Aetna Cas. & Sur. Co., 612 F.2d 1076, 1077 (8th Cir. 1980). Therefore, to the extent defendants seek summary judgment on plaintiff's breach of contract claim relating to the operation of CMS, defendants' Motion for Partial Summary Judgment should be denied.[3]

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendants' Motion for Partial Summary Judgment (Doc. #35) is granted to the extent defendant Laxmikant J. Modha seeks judgment as a matter of law on Counts I, II and III of the Complaint; and to the extent defendant Anick, Inc., seeks judgment as a matter of law on Count III of the Complaint. In all other respects, defendants' Motion for Partial Summary Judgment is denied.

*/s/ Frederick R. Buckles*
UNITED STATES MAGISTRATE JUDGE

Dated this  *4th*  day of August, 2010.

---

[3] Inasmuch as defendant Modha has been granted summary judgment on Count I given that he is not a party to the License Agreement, see discussion supra at Sec. A, the claims raised in Count I shall proceed only against defendant Anick.