UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MEDICINE SHOPPE INTERNATIONAL, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:09CV277 FRB |
| ANICK, INC., et al., | ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER**

Presently pending before the Court is plaintiff Medicine Shoppe International, Inc.'s Request (Motion) for Clarification of August 4, 2010 Memorandum and Order (Doc. #42). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c). Trial is presently set in this matter on October 4, 2010.

Franchisor Medicine Shoppe International, Inc. (MSI), brought this cause of action against franchisee Anick, Inc. (Anick), and an Anick shareholder, Laxmikant J. Modha (Modha), alleging breach of the terms of a License Agreement and related guaranty involving a Medicine Shoppe pharmacy (the Pharmacy) located in Chambersburg, Pennsylvania. In Count I of its three-count Complaint, plaintiff alleged that defendant Anick breached the terms of the License Agreement by failing to pay license fees to MSI as set out in the agreement, by failing to furnish MSI with

certain information reflecting the financial condition of the Pharmacy, and by violating the terms of the non-compete provision of the agreement through the operation of competing businesses. In Count II, plaintiff alleged that defendant Modha breached the terms of a guaranty wherein he guaranteed Anick's compliance with the terms of the License Agreement, and agreed to cure any and all defaults under the License Agreement. In Count III of the Complaint, plaintiff alleged that the manner by which defendants Anick and Modha complied and/or failed to comply with certain terms of the License Agreement constituted fraud. In a Memorandum and Order entered August 4, 2010, defendant Anick was granted summary judgment on plaintiff's claim of fraud as alleged in Count III of the Complaint. (Memo. & Order, Doc. #41 at pp. 10-12, 14.) In that same Memorandum and Order, defendant Modha was granted summary judgment on all counts of the Complaint, thereby effectively dismissing him from this cause of action. (Id. at pp. 6-12, 14.) In the instant Request for Clarification, plaintiff requests this Court to clarify whether "its claim for breach of the non-compete provision against Modha remains an issue to be determined by the Court at trial." (Pltf.'s Req. for Clarification, Doc. #42 at p. 1.) For the following reasons, plaintiff's Request for Clarification should be denied.

A review of the Complaint shows it to contain general allegations which assert, in relevant part, that "[p]ursuant to the

License Agreement, Anick agreed . . . 'not to engage in or become interested in the same or a substantially similar business as that covered by the Agreement' for a 'period of two (2) years' and within the Pharmacy's territory" (Compl. at p. 3, para. 11), and that "Defendants operated 'two substantially similar' businesses . . . within the non-compete territory defined by the License Agreement." (Id. at p. 4, para. 21.)  Subsequent to the general allegations, the Complaint delineates plaintiff's specific claims for relief and sets them out in three separate counts.  Count I pleads a claim for breach of contract against defendant Anick and reads *in toto*:

### Count I – Breach of the License Agreement

24. MSI incorporates by reference the allegations set forth in Paragraphs 1 through 23 as if they were set forth herein.

25. Anick materially breached Article VI of the License Agreement by

    (a) failing to pay MSI license fees;

    (b) failing to furnish MSI certain weekly, monthly, and annual sales and expense information reflecting the financial condition of the Pharmacy; and

    (c) breaching the non-compete provision set forth in the License Agreement through the operation of Chambersburg Medical Supply and Chambersburg Surgical Supply.

26. As a consequence, MSI has suffered damages of at least $217,156.00.

> WHEREFORE, MSI demands a judgment against the Defendants for past due license fees and advertising fund fees, in an amount to be determined at trial, but in no event less than $217,156.00, together with interest, costs, attorneys' fees and such other and further relief as the Court deems just and proper.

(Compl. at p. 5., emphasis added.)

Count II of the Complaint pleads a claim for "Breach of the Guaranty" against defendant Modha, seeking recovery from Modha for Anick's alleged breaches of the License Agreement. Count II reads *in toto*:

### Count II – Breach of the Guaranty

> 27. The allegations set forth in Paragraphs 1 through 26 are hereby incorporated by reference.
>
> 28. Modha executed the Guaranty, thereby guaranteeing Anick's compliance with the terms set forth in the License Agreement.
>
> 29. Under the terms of the Guaranty, Modha also agreed to cure any and all defaults under the License Agreement.
>
> 30. <u>Anick</u> is in material breach of the License Agreement because <u>its</u> failure to: pay MSI license fees; furnish MSI certain weekly, monthly, and annual sales and expense information; and by breaching the non-compete provision set forth in the License Agreement through the operation of Chambersburg Medical Supply and Chambersburg Surgical Supply.
>
> 31. <u>Anick</u> has failed to cure these material breaches.
>
> 32. As a result, Modha is in default under his Guaranty.
>
> 33. MSI has suffered damages of at least $217,156.00.
>
> WHEREFORE, MSI demands a judgment against Modha for Anick's past due license fees and advertising fund fees,

- 4 -

>     in an amount to be determined at trial, but in no event
>     less than $217,156.00, together with interest, costs,
>     attorneys' fees and such other and further relief as the
>     Court deems just and proper.

(Compl. at pp. 5-6, emphasis added.)

In the Court's Memorandum and Order entered August 4, 2010, defendant Modha was granted summary judgment on Count II of the Complaint ("Breach of the Guaranty") inasmuch as the terms of a "Note" separately executed by Modha as a shareholder of Anick did not constitute a guaranty as alleged by plaintiff. (Memo. & Order, Doc. #41 at pp. 7-10.) With respect to Count I of the Complaint ("Breach of the License Agreement"), the Court granted Modha summary judgment "to the extent the claims therein *can be read* to allege that defendant Modha breached the License Agreement." (Id. at p. 7, emphasis added.) The basis for this determination was that Modha was not a party to the License Agreement and thus could not be found in breach of a contract to which he was not a party. (Id. at pp. 6-7.)[1] Plaintiff appears to now claim that although not a party *per se* to the License Agreement, Modha is nevertheless bound to the terms of the License Agreement through his execution

---

[1] Indeed, in its "Opposition to Defendants' Statement of Uncontroverted Material Facts and Statement of Additional Uncontroverted Material Facts" (Doc. #39), plaintiff MSI "admits" that Anick, and not Modha, is the Licensee under the License Agreement. (Id. at para. 27, admitting para. 27 of defendants' "Statement of Uncontroverted Facts" (Doc. #36).)

of the Note so stating,[2] and therefore is bound to the License Agreement's non-compete provision barring shareholders from engaging in substantially similar businesses. Plaintiff thus requests the Court to clarify whether its claim against Modha for breach of the License Agreement's non-compete provision remains an issue to be determined by the Court at trial. Such a claim, however, has never been pled against Modha in this cause of action.

A review of plaintiff's Complaint shows the breach of contract claim as pled in Count I to allege that only *Anick* breached the License Agreement, including the agreement's non-compete provision.[3] For the plaintiff to now question whether "its claim for breach of the non-compete provision against Modha" remains before the Court stretches its claim for such breach beyond what is alleged in the Complaint. Such a claim *against Modha* cannot remain to be determined by the Court when it has never been

---

[2]Plaintiff contends that footnote 2 in the August 4 Memorandum and Order supports this position inasmuch as the Court suggested therein that Missouri law would "support[] a finding that Modha did indeed agree to be personally bound by the Note's terms." (Memo. & Order, Doc. #41 at p. 10 n. 2.)

[3]In the Motion for Partial Summary Judgment, defendant Modha pointed this out, stating "MSI has not alleged in Count I that Modha committed a material breach of the contract." (Defts.' Brief in Supp. of Mot. for Part. Summ. Judg., Doc. #37 at p. 6.) (Emphasis in original.) In its response to defendants' motion, plaintiff MSI did not address Modha's position that Count I of the Complaint did not allege that Modha breached the contract. Instead, MSI argued only that Modha was bound to the terms of the License Agreement by virtue of his purported "guaranty."

pled by the plaintiff.  As such, there is nothing for this Court to clarify.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Medicine Shoppe International, Inc.'s Request (Motion) for Clarification of August 4, 2010 Memorandum and Order (Doc. #42) is denied.  As stated in this Court's Memorandum and Order of August 4, 2010, the claims raised in Count I shall proceed only against defendant Anick.

_____
UNITED STATES MAGISTRATE JUDGE

Dated this _1st_ day of September, 2010.